IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| J. ALAN KONECNY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00442-SDJ-CAN |
| v. | § | |
| | § | |
| MEDICAL CITY PLANO, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Plaintiff J. Alan Konecny's ("Plaintiff") Motion for Summary Judgment [Dkt. 6] and "Motion to Dismiss for Want of Prosecution" [Dkt. 15]. Having considered Plaintiff's Motions, and all other relevant filings, the Court recommends the Motion for Summary Judgment and the "Motion to Dismiss for Want of Prosecution" each be **DENIED**.

**BACKGROUND**

On May 24, 2022, Plaintiff initiated this action through the filing of his "Complaint for Violation of the False Claims Act (FCA) 31 U.S.C. §§ 3729 – 3722 Qui Tam Act" [Dkt. 1]. No summons have been issued and no defendant has appeared in this cause [*See docket generally*]. On June 21, 2022, Plaintiff filed a document entitled "Motion for Summary Judgment" [Dkt. 6]. The Motion states Plaintiff has "identif[ied] each claim and defense and pertinent part of each claim and defense" on which summary judgment is sought [Dkt. 6 at 2]; more specifically, the Motion asserts Plaintiff's Motion seeks "equitable relief" on the grounds that "Defendant Madison Dini failed to transfer the PRO SE FALSE CLAIMS ACT COMPLAINT CORRECTLY FROM COLLIN COUNTY DISCTRICT COURT, making it impossible for Plaintiff to comply with Qui Tam complaint Federal requirements" [Dkt. 6 at 9-10]. On July 25, 2022, Plaintiff filed a "Motion

to Dismiss for Want of Prosecution" [Dkt. 15], which also seeks summary judgment in this action and requests damages and an injunction be imposed against Defendants.

## LEGAL STANDARD AND ANALYSIS

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses to help "secure the just, speedy and inexpensive determination of every action." *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 449 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The substantive law will identify which facts are material. This means only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019)) (cleaned up). The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Bucklew v. Precythe*, 139 S. Ct. 1112, 1131 (2019). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the

nonmovant's response." *Baker v. Puckett*, No. 4:18-CV-00599-ALM-CAN, 2019 WL 3408602, at *1 (E.D. Tex. June 14, 2019) (quoting *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex. 2015)), *report and recommendation adopted*, No. 4:18-CV-599, 2019 WL 3407130 (E.D. Tex. July 26, 2019). "Where, as here, a plaintiff files a motion for summary judgment, he essentially 'takes the position that he is entitled to prevail as a matter of law because the opponent has no valid ... defense to the action.'" *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *2 (N.D. Tex. Nov. 14, 2022) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2711 (4th ed. Apr. 2022 Update)).

"[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *Barnett v. Stafford Transp. of La.*, No. 1:20-CV-280, 2021 WL 2778281, at *1 (E.D. Tex. Mar. 12, 2021) (quoting *George v. Go Frac, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *2 (W.D. Tex. Jan. 7, 2016)). Here, Plaintiff's Motions are premature for at least two reasons. Defendants have not yet been served or had opportunity to file an answer to Plaintiff's claims. "Federal courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers." *Watkins v. Monroe*, No. 6:18CV347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019) ("As the Defendants are not yet required to file an answer and no answer has been filed, Plaintiff's motion for summary judgment is premature. Plaintiff's motion for summary judgment should be dismissed without prejudice as premature."), *report and recommendation adopted*, No. 6:18CV347, 2019 WL 1858100 (E.D. Tex. Apr. 25, 2019); *see also Rogers*, 2022 WL 17418978, at *3 (collecting cases) ("courts have denied plaintiffs' summary judgment motions where they were filed before the defendant answered or while the court was in the process of conducting preliminary screening under § 1915"); *Johnson v. Guiterrez*, No. 9:21-

CV-46, 2021 WL 6693938, at *1 (E.D. Tex. Dec. 16, 2021) ("the record does not demonstrate that any of the Defendants have been served with process, they have not had an opportunity to respond to Plaintiff's claim. Accordingly, Plaintiff's motion for summary judgment is premature."), *report and recommendation adopted sub nom. Rayford v. Guiterrez*, No. 9:21CV46, 2022 WL 233194 (E.D. Tex. Jan. 25, 2022). In addition, the instant Motions are filed before the commencement of any discovery. A motion for summary judgment is premature where basic discovery has not yet been completed. *See Barnett*, 2021 WL 2778281, at *1-2 (quoting *Phongsavane v. Potter*, No. CIVASA05CA0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005)); *Dunn v. Sucsy*, No. 5:22-CV-190-M-BQ, 2022 WL 17408005, at *2 (N.D. Tex. Nov. 9, 2022) (collecting cases) ("courts have denied as premature summary judgment motions filed before the parties have had adequate opportunity to conduct discovery."), *report and recommendation adopted*, No. 5:22-CV-190-M-BQ, 2022 WL 17407993 (N.D. Tex. Dec. 2, 2022). Further, Plaintiff has been told he may file an amended complaint in this cause, making dispositive motions further premature. *See, e.g.*, *Konecny v. U.S. Small Bus. Admin.*, No. 4:22-CV-00445-SDJ-CAN, 2023 WL 2472633, at *2 (E.D. Tex. Feb. 14, 2023), *report and recommendation adopted*, No. 4:22-CV-445-SDJ, 2023 WL 2465775 (E.D. Tex. Mar. 9, 2023).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff J. Alan Konecny's Motion for Summary Judgment [Dkt. 6] and Plaintiff's "Motion to Dismiss for Want of Prosecution" [Dkt. 15] each be **DENIED** as premature.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE